## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DIJON RENARD JASMIN,

        Petitioner,

vs.                                            Case No.:    3:16-cv-761-J-32JBT
                                                      3:07-cr-218-J-32JBT

UNITED STATES OF AMERICA,

        Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Dijon Renard Jasmin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Civ. Doc. 1).[1] Relying on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson</u>"), and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), Petitioner argues that his sentence was unconstitutionally enhanced under the "residual clause" of the Armed Career Criminal Act (ACCA).  The United States has responded (Civ. Doc. 11), and Petitioner has replied (Civ. Doc. 12).  For the reasons set forth below, Petitioner's Motion to Vacate is due to be granted.

## I.      The ACCA

---

[1]    Citations to the record in the underlying criminal case, <u>United States v. Dijon Renard Jasmin</u>, Case No. 3:07-cr-218-J-32JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, 3:16-cv-761-J-32JBT, will be denoted as "Civ. Doc. __."

Ordinarily, possession of a firearm by a convicted felon is punishable by a maximum of ten years in prison. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Under the ACCA, however, a felon in possession of a firearm who has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to a 15-year mandatory minimum. Id. at § 924(e)(1).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

Id. § 924(e)(2)(B) (emphasis added). Subpart (i) of this definition is often referred to as the "elements clause." Subpart (ii) has two components: the first nine words constitute the "enumerated offense clause," and the last 15 words, which are emphasized above, constitute the so-called "residual clause."

## II.    <u>Johnson</u> and <u>Welch</u>

On June 26, 2015, the Supreme Court in <u>Johnson</u> held that the ACCA's residual clause is unconstitutionally vague because the residual clause "creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony." <u>In re Moore</u>, — F.3d —, 2016 WL 4010433, at *2 (11th Cir. 2016) (citing <u>Johnson</u>, 135 S. Ct. at 2557-58, 2563). However, the

Supreme Court's holding did not call into question the validity of the elements clause or the enumerated offense clause.  <u>Johnson</u>, 135 S. Ct. at 2563.  On April 18, 2016, the Supreme Court held in <u>Welch</u> that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review.  <u>Welch</u>, 136 S. Ct. at 1264-65.

## III.    Background

On August 15, 2007, a grand jury indicted Petitioner on one count of possession of a firearm by a convicted felon.  Petitioner pled guilty to the charge on October 17, 2007.  (<u>See</u> Crim. Doc. 37).

Petitioner appeared before the Court for sentencing on March 25, 2008.  (<u>See</u> Civ. Doc. 11-1).  The United States argued that Petitioner was eligible for an enhanced sentence under the ACCA based on prior convictions for the following five felonies (each in violation of Florida law): (1) escape, (2) aggravated assault on a corrections officer, (3) burglary, (4) the sale or delivery of cocaine, and (5) kidnapping.  (Civ. Doc. 11-1 at 3-5).  The Court observed that Petitioner's Indictment also identified prior convictions for the sale or delivery of cannabis and the possession of cocaine while armed, but the United States declined to argue that either of those convictions qualified as ACCA predicates.  (<u>Id.</u> at 5).  The Court agreed that the five convictions named by the government qualified Petitioner for the ACCA enhancement, and so sentenced him to the 15-year mandatory minimum.  (<u>See</u> <u>id.</u> at 6, 12-14).

Petitioner appealed the ACCA enhancement to the Eleventh Circuit Court of Appeals, which affirmed his sentence in an unpublished opinion.  (Crim. Doc. 42);

<u>United States v. Jasmin</u>, 294 F. App'x 545 (11th Cir. 2008).  Petitioner did not request certiorari review from the Supreme Court.

On June 20, 2016, less than a year after the Supreme Court decided <u>Johnson</u>, Petitioner filed the current Motion to Vacate.  Petitioner argues that his sentence was unlawfully enhanced on account of the ACCA's now-invalid "residual clause." Petitioner argues that the Motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within a year of <u>Johnson</u>.

The United States responds that Petitioner's Motion to Vacate is not timely because <u>Johnson</u> does not apply to Petitioner, as he would still qualify for the ACCA enhancement based on his prior convictions for (1) kidnapping, (2) the sale or delivery of cocaine, and (3) the possession of cocaine while armed.  (Civ. Doc. 11 at 3-5).[2]  The United States contends that kidnapping qualifies as an ACCA "violent felony" under the still-valid "elements clause."  (<u>Id.</u>).  The United States further argues that Petitioner's prior convictions for the sale or delivery of cocaine and the possession of cocaine while armed qualify as ACCA "serious drug offenses."  (<u>Id.</u>).[3]

Petitioner replies that the prior conviction for kidnapping does not qualify as a "violent felony" under the "elements clause" because under Florida law, kidnapping may be committed either "forcibly," "secretly," or "by threat," and the available

---

[2]    Thus, the United States does not assert that Petitioner's prior convictions for burglary, escape, or aggravated assault on a corrections officer still make him eligible for the ACCA enhancement.

[3]    Because the United States' timeliness argument is about whether <u>Johnson</u> applies to the facts of Petitioner's case, the United States essentially makes an argument on the merits.

<u>Shepard</u>[4] documents – the information and the judgment – do not specify which was the basis of Petitioner's kidnapping conviction. (Civ. Doc. 12 at 3-7.) Petitioner also argues that the United States cannot now rely on the conviction for possession of cocaine while armed because (1) the United States disclaimed any reliance on that conviction for ACCA purposes at the sentencing hearing, and (2) possession of cocaine while armed does not qualify as a "serious drug offense" anyway. (<u>Id.</u> at 2-3).

## IV.   The § 2255 Motion is Timely

Pursuant to 28 U.S.C. § 2255(f)(3), a prisoner may move to vacate his sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court and the Eleventh Circuit have each held that <u>Johnson</u> announced a new substantive rule that applies retroactively on collateral review. <u>Welch</u>, 136 S. Ct. at 1264-65; <u>Mays v. United States</u>, 817 F.3d 728, 734-37 (11th Cir. 2016). Because Petitioner filed the Motion to Vacate less than a year after the Supreme Court decided <u>Johnson</u>, and because he asserts that the Court imposed the ACCA enhancement on account of the residual clause that <u>Johnson</u> invalidated, the Motion to Vacate is timely under 28 U.S.C. § 2255(f)(3).

---

[4]    <u>Shepard v. United States</u>, 544 U.S. 13 (2005).

## V.     Discussion

A challenge to the ACCA enhancement is cognizable on collateral review under § 2255 because if the prisoner was improperly sentenced under the ACCA's 15-year mandatory minimum, his sentence necessarily exceeds the 10-year statutory maximum that should have applied.  See Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) ("We can collaterally review a misapplication of the Armed Career Criminal Act because, unlike an advisory guideline error, that misapplication results in a sentence that exceeds the statutory maximum.").

To be entitled to § 2255 relief under Johnson, a prisoner must show that his ACCA sentence depends on the now-voided residual clause.  Cf. In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016) ("Thomas's claim under Johnson fails to establish the required prima facie showing because … the applicability of Thomas's ACCA enhancement does not turn on the validity of the residual clause."); Ziglar v. United States, — F. Supp. 3d —, 2016 WL 4257773, at *3, 14 (M.D. Ala. Aug. 11, 2016).  A prisoner's sentence does not depend on the residual clause if he has three or more prior convictions for a "violent felony," as defined by the still-valid elements clause or enumerated offense clause, or a "serious drug offense."  See, e.g., Thomas, 823 F.3d 1345 (prisoner failed to make a prima facie showing that he was sentenced based on the residual clause where he had three prior convictions that, at the sentencing hearing, were deemed ACCA "violent felonies" under the elements clause or the enumerated offenses clause); In re Hires, 825 F.3d 1297 (11th Cir. 2016) (same).  For

purposes of an initial § 2255 motion such as this one, the Court must apply <u>Descamps</u>[5] in determining whether a prior conviction would still qualify as a "violent felony" under one of the ACCA's remaining clauses (i.e. the elements clause or the enumerated offense clause). <u>See</u> <u>Mays</u>, 817 F.3d at 733-34 (holding that <u>Descamps</u> applies "retroactively" on collateral review in analyzing whether a prior conviction would still qualify as an ACCA predicate under the enumerated offense clause, because <u>Descamps</u> merely clarified a preexisting rule).[6]

Turning to Petitioner's case, the United States contends that Petitioner still qualifies for the ACCA enhancement based on his prior convictions for (1) kidnapping, (2) the sale or delivery of cocaine, and (3) the possession of cocaine while armed. (Civ. Doc. 11 at 4). Neither party contests that Petitioner's prior conviction for the sale or delivery of cocaine still qualifies as an ACCA serious drug offense. However, the parties dispute whether Petitioner's prior convictions for kidnapping and the possession of cocaine while armed still make him eligible for the ACCA enhancement.

---

[5]      <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013) (a court may only employ the modified categorical approach when the statute of a prior conviction is "divisible," i.e., the statute lays out multiple elements in the alternative).

[6]      The Court recognizes that there is disagreement within the Eleventh Circuit about how (or whether) district courts should apply <u>Descamps</u> when reviewing <u>second or successive</u> motions to vacate that the Eleventh Circuit authorizes pursuant to § 2255(h)(2) and <u>Johnson</u>. That debate does not concern the Court here, because it is reviewing an initial § 2255 motion, not a second or successive motion. The Eleventh Circuit has squarely held that <u>Descamps</u> "appl[ies] retroactively in the first post-conviction context." <u>Mays</u>, 817 F.3d at 730.

## A. Kidnapping

The United States contends that according to In re Burgest, — F.3d —, 2016 WL 3923836 (11th Cir. 2016), kidnapping remains a violent felony under the elements clause. Burgest is distinguishable, however. In Burgest, the Eleventh Circuit addressed whether kidnapping still qualifies as a "crime of violence" for purposes of the United States Sentencing Guidelines' career offender provision, U.S.S.G. § 4B1.1. The court explained that, even if Johnson invalidates the career offender provision's "residual clause", U.S.S.G. § 4B1.2(a) (2015), kidnapping would still be a "crime of violence" because it is enumerated as one in the commentary to U.S.S.G. § 4B1.2. Burgest, 2016 WL 3923836, at *2 (citing U.S.S.G. § 4B1.2 n.1). Burgest does not say anything, however, about whether kidnapping qualifies as a "violent felony" under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i).

The Court cannot locate any binding precedent that classifies kidnapping as a "violent felony" under the ACCA's elements clause. The closest published Eleventh Circuit precedent the Court can identify is United States v. Schneider, 681 F.3d 1273 (11th Cir. 2012), in which the Eleventh Circuit held that the Florida crime of false imprisonment is a "violent felony," but only under the residual clause.[7] To the extent

---

[7] Kidnapping has the same elements as false imprisonment, except that kidnapping "requires an additional element of intent to hold for ransom, to facilitate another felony, to inflict bodily harm or terror, or to interfere with a governmental function." Schneider, 681 F.3d at 1277 (footnotes omitted). Under both statutes, the essential act of confining, abducting, or imprisoning another person may be committed either forcibly, secretly, or by threat. Compare Fla. Stat. § 787.01(1)(a) (kidnapping) with Fla. Stat. § 787.02(1)(a) (false imprisonment). Notably, however, the government in Schneider did not contend that false imprisonment qualifies as an ACCA violent felony under the elements clause. 681 F.3d at 1278.

other courts have classified kidnapping or a similar offense as an ACCA violent felony, they have also tended to do so under the residual clause, not the elements clause.  See, e.g., United States v. Wallace, 326 F.3d 881, 886-87 (7th Cir. 2003) (Illinois crime of unlawful restraint is an ACCA predicate under the residual clause); United States v. Zamora, 222 F.3d 756, 764-65 (10th Cir. 2000) (New Mexico crime of false imprisonment is an ACCA predicate under the residual clause); United States v. Phelps, 17 F.3d 1334, 1342 (10th Cir. 1994) (Missouri crime of kidnapping is a violent felony under the residual clause).  Thus, precedent fails to suggest that Petitioner's kidnapping conviction qualifies as a "violent felony" under the elements clause.  Moreover, existing precedent suggests that to the extent kidnapping qualifies as an ACCA violent felony, it qualifies only under the now-invalid residual clause.

Given the lack of binding authority, the Court must consider whether Petitioner's own kidnapping conviction would still qualify as an ACCA violent felony under the elements clause.  "In determining whether a state conviction qualifies as a predicate under the ACCA, [the Court] follow[s] what is described as a 'categorical approach.'"  United States v. White, — F.3d —, 2016 WL 5115328, at *2 (11th Cir. 2016) (citing United States v. Robinson, 583 F.3d 1292, 1295 (11th Cir. 2009)). "Under this approach, [the Court is] concerned only with the fact of the conviction and the statutory definition of the offense, rather than with the particular facts of the defendant's crime."  Id. (citing Robinson, 583 F.3d at 1295).

When applied to this case, the categorical approach requires the Court to determine whether kidnapping, as defined by Florida law, fits the definition of the

term "violent felony" as set forth in the elements clause, 18 U.S.C. § 924(e)(2)(B)(i).

That is, the Court must determine whether kidnapping under Florida law "has as an

element the use, attempted use, or threatened use of physical force against the person

of another." Id.[8] "Whether, in fact, [Petitioner] … actually used, attempted to use,

or threatened to use physical force against a person is 'quite irrelevant.'" United

States v. Estrella, 758 F.3d 1239, 1245 (11th Cir. 2014) (quoting Donawa v. Attorney

General, 735 F.3d 1275, 1280 (11th Cir. 2013)).   "Instead, the categorical approach

focuses on whether in every case a conviction under the statute 'necessarily involves'

proof of the element." Id. (quoting Donawa, 735 F.3d at 1280) (emphasis in original).

        The categorical approach is modified if the statute is "divisible."  A statute is

"divisible" when it "sets out one or more elements of the offense in the alternative."

Descamps, 133 S. Ct. at 2281.  When a statute is divisible and it "covers some conduct

that falls within, and other conduct that is broader than, a predicate offense as

defined by the ACCA … [the Court] may use a modified categorical approach to

determine whether a defendant's prior conviction qualifies." White, — F.3d —, 2016

WL 5115328, at *2 (citing Descamps, 133 S. Ct. at 2281-82) (footnote omitted).  Under

the "modified categorical approach," the district court consults a limited class of

documents – so-called "Shepard documents" – to determine which alternative

element was the basis of the defendant's conviction.  Id. (citing Descamps, 133 S. Ct.

---

[8]     Not just any amount of physical force will satisfy the elements clause.  Rather,
"in the context of a statutory definition of 'violent felony,' the phrase 'physical force'
means violent force—that is, force capable of causing physical pain or injury to
another person."  Johnson v. United States, 559 U.S. 133, 140 (2010) ("Curtis
Johnson") (emphasis in original).

at 2281).   "Shepard documents" include the charging instrument (either an information or an indictment), the judgment, the jury instructions, and the transcript of a plea colloquy.  The Court must identify which element was the basis of the prior conviction, and decide whether it is encompassed by the pertinent ACCA definition of a violent felony.

Occasionally, the modified categorical approach will not clarify which alternative element was the basis of the defendant's prior conviction.  If the modified categorical approach is unavailable, or if it fails to enlighten the Court as to the basis of the prior conviction, then the Court must presume that Petitioner committed only the least culpable act.  See Curtis Johnson, 559 U.S. at 137 ("Since nothing in the record of Johnson's 2003 battery conviction permitted the District Court to conclude that it rested upon anything more than the least of the[ ] acts [included in Florida's simple battery statute], … his conviction was a predicate conviction for a 'violent felony' under the Armed Career Criminal Act only if '[a]ctually and intentionally touch[ing]' another person constitutes the use of 'physical force' within the meaning of § 924(e)(2)(B)(i).") (citation omitted).  See also Moncrieffe v. Holder, 133 S. Ct. 1678, 1680-81 (2013) ("Because this Court examines what the state conviction necessarily involved and not the facts underlying the case, it presumes that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, before determining whether even those acts are encompassed by the generic federal offense.") (citing Curtis Johnson, 559 U.S. at 137); United States v. Howard, 742 F.3d 1334, 1345 (11th Cir. 2014) ("If the statute criminalizes several acts, [the Court] must assume that the

11

conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the [ACCA's definition of a violent felony].").  If the least culpable act does not fit the ACCA's definition of a violent felony, then the Court cannot count the prior conviction as an ACCA predicate.

As applied here, this analysis yields the conclusion that, given the record before the Court, Petitioner's kidnapping conviction does not qualify as a "violent felony" under the elements clause.

Florida law defines "kidnapping" as follows:

> (1)(a) The term "kidnapping" means <u>forcibly</u>, <u>secretly</u>, <u>or by threat</u> confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
>
> 1. Hold for ransom or reward or as a shield or hostage.
> 2. Commit or facilitate commission of any felony.
> 3. Inflict bodily harm upon or to terrorize the victim or another person.
> 4. Interfere with the performance of any governmental or political function.

Fla. Stat. § 787.01(1)(a) (emphasis added).  As the text illustrates, an individual could commit kidnapping by confining, abducting, or imprisoning another person through the use of force or threats.  However, an individual could just as well commit kidnapping by confining, abducting, or imprisoning another person "secretly."  "The term 'secretly,' as used in the kidnapping statute, means that the abduction or confinement is intended by the defendant to isolate or insulate the intended victim from meaningful contact or meaningful communication with the public.  <u>It is not necessary that the movement of the victim be by force or threat of force</u>."  <u>Bishop v. State</u>, 46 So. 3d 75, 78 (Fla. 5th DCA 2010) (citing <u>Robinson v. State</u>, 462 So. 2d 471,

476 (Fla. 1st DCA 1984)) (emphasis added) (internal citation omitted).  Thus, there are different ways to commit kidnapping – forcibly, secretly, or by threat – the second of which does not require the use of force.  Id.

The Court assumes for the sake of argument (and for the United States' benefit) that the words "forcibly, secretly, or by threat" are alternative elements, such that the statute is divisible.[9]   In that scenario, Descamps would authorize the Court to employ the modified categorical approach, and the United States could conceivably point to a Shepard document showing that Petitioner committed the kidnapping "forcibly" or "by threat."  If the document showed that Petitioner kidnapped the victim forcibly or by threat, the conviction might qualify as an ACCA violent felony under the elements clause.[10]

The problem is that, even assuming the statute is divisible, the modified categorical approach does not help the United States.  The only Shepard documents before the Court are the information and the judgment.  The information charged that Petitioner "did confine, abduct or imprison [the victim] forcibly, secretly, or by threat against her will and without lawful authority, with intent to commit or

---

[9]     Petitioner points out that the words "forcibly, secretly, or by threat" could also be alternative means instead of alternative elements (Civ. Doc. 12 at 5 n.5) (citing Mathis v. United States, 136 S. Ct. 2243 (2016)), but that it makes no difference.  The Court agrees.  If the words "forcibly, secretly, or by threat" are alternative means, then the Court would still have to assume that Petitioner committed only the least culpable act, which is to "secretly" kidnap the victim.

[10]    It would remain to be seen, however, whether the amount of force necessary to "forcibly" kidnap a person under Florida law equates to the type of violent physical force that the elements clause requires.  See Curtis Johnson, 559 U.S. at 140.

facilitate the commission of a felony, to-wit: Sexual Battery, contrary to the provisions of Section 787.01 Florida Statutes." (Civ. Doc. 12-1 at 1).[11] Thus, the information does not specify whether Petitioner committed the kidnapping forcibly, secretly, or by threat. As for the judgment, it reflects generally that Petitioner was convicted of kidnapping, in violation of Section 787.01. (Id. at 3). So, the judgment also fails to clarify whether Petitioner committed the kidnapping "forcibly, secretly, or by threat." Therefore, assuming the kidnapping statute is divisible, the modified categorical approach is unavailing because the Shepard documents do not clarify the basis of Petitioner's kidnapping conviction. As such, the Court must presume that Petitioner committed nothing more than the least of the acts criminalized under Section 787.01, which is secretly confining, abducting, or imprisoning the victim. See Curtis Johnson, 559 U.S. at 137; United States v. Eddy Vail-Bailon, — F.3d —, 2016 WL 5403582, at *3 (11th Cir. Sep. 28, 2016) (where Shepard documents did not specify whether defendant's "felony battery" conviction was for "striking" or merely "touching" the victim, the court had to presume the conviction was based on mere touching). Because committing a kidnapping "secretly" does not require the use of force or threats, Bishop, 46 So. 3d at 78, the Court cannot consider Petitioner's kidnapping conviction to be a violent felony under the ACCA's elements clause. Accordingly,

---

[11] The information also charged that Petitioner engaged in sexual intercourse with the victim "and in the process thereof used physical force and violence not likely to cause serious personal injury, contrary to the provisions of Section 794.011(5), Florida Statutes." (Id.). Petitioner was not convicted of the alleged sexual battery.

Petitioner's kidnapping conviction may not count toward the three ACCA predicates necessary to impose the 15-year mandatory minimum.

## B. Possession of Cocaine While Armed

The United States also contends that Petitioner's prior conviction for the possession of cocaine while armed qualifies as an ACCA "serious drug offense." (Civ. Doc. 11 at 4). The United States waived the right to rely on this conviction as an ACCA predicate, and in any event, the United States' position is mistaken.

At Petitioner's sentencing, the Court specifically asked the United States whether Petitioner's conviction for possession of cocaine while armed qualified as an ACCA predicate. (Civ. Doc. 11-1 at 5). The United States responded that it was not going to argue that it did. (Id.). Thus, the United States disclaimed reliance on this conviction as an ACCA serious drug offense. The United States cannot waive reliance on a prior conviction for ACCA purposes, only to later resurrect the argument that the same conviction makes the defendant eligible for the ACCA enhancement. See United States v. Canty, 570 F.3d 1251, 1256 (11th Cir. 2009) (after the government waived the right to rely on facts stated in the presentence investigation report, the government could not point to those facts on appeal to show that alleged ACCA predicates were committed on occasions different from one another); United States v. Maida, — F. App'x —, 2016 WL 3000326 (11th Cir. May 25, 2016) (after the government "effectively disclaimed reliance" on the contention that defendant's burglary convictions qualified as ACCA predicates under the enumerated offense clause, it could not turn back to that argument on direct appeal). Parties must "make

all their objections to a sentencing court's findings of fact, conclusions of law, and the manner in which the sentence was imposed at the initial sentencing hearing." <u>Canty</u>, 570 F.3d at 1256 (citing <u>United States v. Jones</u>, 899 F.2d 1097, 1102-03 (11th Cir. 1990)).  That rule "applies to the defense and the prosecution alike." <u>Id.</u> (citing <u>United States v. Weir</u>, 51 F.3d 1031, 1032-33 (11th Cir. 1995)).  Here, the United States did more than merely fail to make an objection; it explicitly disclaimed reliance on the argument that Petitioner's conviction for possession of cocaine while armed qualified as an ACCA serious drug offense.  Accordingly, the United States has waived its right to rely on that conviction now.

In any event, the government was correct when it initially declined to rely on this conviction.  A conviction for possession of cocaine while armed does not qualify as an ACCA serious drug offense.  Under the ACCA, a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Eleventh Circuit has held that drug offenses involving simple possession do not qualify as ACCA predicates because they do not necessarily involve "manufacturing, distributing, or possessing with intent to manufacture or distribute" a controlled substance.  <u>United States v. Hansley</u>, 54 F.3d 709, 718 (11th Cir. 1995).

By comparison, an individual is guilty of possession of cocaine, in violation of Section 893.13(6)(a), Florida Statutes, if he is "in actual or constructive possession of

16

a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription…."  Fla. Stat. § 893.13(6)(a). Possession of cocaine while armed is no different from simple possession of cocaine, except that the defendant is carrying, displaying, or using a firearm during the commission of the possession offense.  See Fla. Stat. §§ 775.087(1)(c) (carrying, displaying, or using a firearm during the commission of a third-degree felony makes the offense a second-degree felony); 893.13(6)(a) (possession of cocaine is a third-degree felony).  While this makes the offense more serious, it does not meet the ACCA's definition of a "serious drug offense."  Nothing in the Florida statute criminalizing the mere possession of cocaine suggests that it involves manufacturing, distributing, or possessing with intent to manufacture or distribute, as is required to qualify it as a "serious drug offense" under the ACCA.  See Fla. Stat. § 893.13(6)(a). Accordingly, Petitioner's conviction for possession of cocaine while armed does not qualify as an ACCA serious drug offense.  See Hansley, 54 F.3d at 718.

## C. Conclusion

Petitioner's prior convictions for kidnapping and the possession of cocaine while armed do not qualify as ACCA predicates.  That leaves only a single ACCA predicate remaining – for the sale or delivery of cocaine – which is insufficient to render Petitioner eligible for the ACCA enhancement.  See 18 U.S.C. § 924(e)(1) (requiring three prior convictions for a violent felony or a serious drug offense).  As such, Petitioner is no longer eligible for the ACCA's 15-year mandatory minimum.

Accordingly, it is hereby

17

**ORDERED:**

1. Petitioner Dijon Renard Jasmin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **GRANTED**.

2. This Order does not affect Petitioner's adjudication of guilt on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

3. Given the time that Petitioner has already been in custody (since August 22, 2007), and given that the statutory maximum sentence is now ten years, the parties are directed to discuss whether they can reach a stipulation on what Petitioner's new sentence should be.

4. No later than **October 31, 2016**, the parties should file a joint notice stating whether there is a stipulation as to the sentence or whether the Court needs to conduct a resentencing hearing.

5. The Court extends the appointment of Assistant Federal Public Defender Conrad Kahn for the purpose of re-sentencing.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of October, 2016.


TIMOTHY J. CORRIGAN
United States District Judge


Lc 19

Copies:

Counsel of record
Petitioner Dijon Renard Jasmin