UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIJON RENARD JASMIN,

      Petitioner,

vs.                          Case No.:    3:16-cv-761-J-32JBT
                                                       3:07-cr-218-J-32JBT

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER REDUCING SENTENCE TO TIME SERVED PLUS 14 DAYS

This case is before the Court on Petitioner Dijon Renard Jasmin's and the United States' Joint Stipulation Regarding Resentencing. (Civ. Doc. 14).[1] Previously, the Court granted Petitioner's 28 U.S.C. § 2255 motion, which challenged his sentence under the Armed Career Criminal Act (ACCA) in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). (Civ. Doc. 13). The Court directed the parties to file a joint notice advising whether they could stipulate to the appropriate sentence, or whether the Court would need to conduct a resentencing hearing. (Id. at 18, ¶¶ 3-4).

The parties advise the Court that they "stipulate and agree [that] Mr. Jasmin should be sentenced to time served, followed by a term of 36 months' supervised release, without a resentencing hearing." (Civ. Doc. 14 at 1).

---

[1] Citations to the record in the underlying criminal case, United States vs. Dijon Renard Jasmin, Case No. 3:07-cr-218-J-32JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, 3:16-cv-761-J-32JBT, will be denoted as "Civ. Doc. __."

1

After a district court has granted a § 2255 motion, as here, it has the option to (1) "discharge the prisoner," (2) "resentence him," (3) "grant a new trial," or (4) "correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); see also Adams v. United States, 338 F. App'x 799, 800 (11th Cir. 2009); United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007) (§ 2255 "authorizes the district court take one of four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) 'discharge the prisoner,' (2) 'grant [the prisoner] a new trial,' (3) 'resentence [the prisoner],' or (4) 'correct the [prisoner's] sentence.'") (quoting 28 U.S.C. § 2255(b)).[2] In light of the parties' agreement, the Court has determined that the best remedy is to correct Petitioner's sentence.[3]

The Court has no disagreement with the parties' resolution, except that it believes the Court should allow a brief amount of time to allow the Probation Office and Petitioner to make arrangements for his release. Accordingly, the Court intends to reduce Petitioner's sentence to time served plus 14 days, to allow Petitioner and the Probation Office to prepare for Petitioner's release, followed by 36 months' supervised release.

Accordingly, it is hereby

---

[2] "The text of § 2255 clearly affords the district courts the authority to 'correct' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing]' hearing[.]" Hadden, 475 F.3d at 669.

[3] Without the ACCA enhancement, Petitioner's Guidelines range would have been between 37 and 46 months' imprisonment, with a statutory maximum of ten years. (Crim. Doc. 51 at 2). As of this date, Petitioner has been in custody for a little over nine years. (See Crim. Doc. 7) (reflecting an arrest date of August 22, 2007).

2

**ORDERED:**

1. Petitioner's sentence of imprisonment in the criminal case, 3:07-cr-218-J-32JBT, is reduced to time-served plus 14 days. Petitioner is to be released from the Bureau of Prisons on **November 10, 2016**, followed by a term of 36 months' supervised release.

2. This Order does not affect Petitioner's adjudication of guilt on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). All other provisions in Petitioner's Judgment in a Criminal Case (Crim. Doc. 32) remain in full force and effect to the extent they are not inconsistent with this Order.

3. The Clerk of Court is directed to enter judgment in favor of Petitioner to the extent that his § 2255 motion is granted and his sentence has been corrected. The Clerk of Court is further directed to terminate as moot all pending motions in the civil case and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Federal Bureau of Prisons
United States Probation Office
United States Marshal
Petitioner Dijon Renard Jasmin
Counsel of record